UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-99-FDW

| | |
|---|---|
| LASHAWN LAMONT JOHNSON, ) | |
| BRADLEY A. THOMAS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BUNCOMBE COUNTY, NC, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1).

**I.    BACKGROUND**

In this action, filed on April 16, 2018, pursuant to 42 U.S.C. § 1983, pro se Plaintiff LaShawn Lamont Johnson, a pre-trial detainee currently incarcerated at the Buncombe County Detention Facility in Asheville, North Carolina, purports to bring various claims against the named Defendants. Essentially, Plaintiff alleges that he was wrongfully arrested and prosecuted for criminal charges by the various Defendants, while in the Eastern District of Tennessee.[1]

---

[1] Plaintiff has named William Buckner as a Defendant, and Plaintiff identifies Buckner as a sergeant with the Buncombe County Sheriff's Office, and he has also named "Buncombe County, NC" as a Defendant. Plaintiff, however, has not alleged any conduct by Defendant Buckner in the Complaint and Buncombe County is not a "person" within the meaning of 42 U.S.C. § 1983. To the extent that Plaintiff complains, in an attached "Statement of Claim Facts," about conduct by Buckner while Plaintiff has been in the Buncombe County Detention Center, such as not allowing Plaintiff to participate in the jail's grievance procedure, this conduct is not related at all to the primary claims brought in this action, and must be brought in a separate action. See (Doc. No. 1-2 at 7). In any event, it is clear that Plaintiff's alleged claims arise out of actions that occurred in the Eastern District of Tennessee. Furthermore, to the extent that

## II.     DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which appears to be the Eastern District of Tennessee.[2] Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of Tennessee. The Court will transfer this action to the Eastern District of Tennessee.

## III.    CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of Tennessee.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action is transferred to the Eastern District of Tennessee.

---

Plaintiff purports to bring this action on behalf of another individual, the Court notes that, although Plaintiff may appear on his own behalf, he may not appear as an attorney for others. See Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

[2] Plaintiff refers to a conviction in "Nashville, Tennessee," which is in the Middle District of Tennessee, but it appears that the events leading to his pending claims substantially occurred in the Eastern District of Tennessee.

2. The Clerk is instructed to terminate this action.

Signed: May 7, 2018

Frank D. Whitney
Chief United States District Judge